M<small>C</small>CORRISTON MILLER MUKAI M<small>AC</small>KINNON LLP

DAVID J. MINKIN        3639-0
TROY J. H. ANDRADE 9542-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawai'i  96813
Telephone:  (808) 529-7300
Facsimile:  (808) 524-8293
Email:  minkin@m4law.com
        andrade@m4law.com

Attorneys for Defendants
ENCORE CAPITAL GROUP, INC.,
MIDLAND FUNDING, LLC,
MIDLAND CREDIT MANAGEMENT, INC.,
and HECTOR TORRES

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HAROLD SHARRER, | ) | CIVIL NO.  14-00178 LEK RLP |
| | ) | |
| Plaintiff, | ) | DEFENDANTS ENCORE |
| | ) | CAPITAL GROUP, INC., |
| vs. | ) | MIDLAND FUNDING, LLC, |
| | ) | MIDLAND CREDIT |
| ENCORE CAPITAL GROUP, INC., | ) | MANAGEMENT, INC. AND |
| MIDLAND FUNDING, LLC, MIDLAND | ) | HECTOR TORRES' ANSWER TO |
| CREDIT MANAGEMENT, INC., MARK | ) | COMPLAINT FILED ON APRIL |
| MARZA and HECTOR TORRES, | ) | 16, 2014; CERTIFICATE OF |
| | ) | SERVICE |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

DEFENDANTS ENCORE CAPITAL GROUP, INC., MIDLAND FUNDING,
LLC, MIDLAND CREDIT MANAGEMENT, INC. AND HECTOR
TORRES' ANSWER TO COMPLAINT FILED ON APRIL 16, 2014

Defendants Encore Capital Group, Inc. ("Encore"), Midland Funding, LLC

("Midland"), and Midland Credit Management, Inc. ("MCM") and Hector Torres

(collectively "Defendants" unless individually identified), by and through their

counsel, McCorriston Miller Mukai MacKinnon LLP, hereby submit the following

as their Answer to Plaintiff Harold Sharrer's Complaint ("Complaint"), filed on

April 16, 2014:

1.      In response to Paragraph 1 of the Complaint, Defendants deny the

allegations contained therein.

2.      In response to Paragraph 2 of the Complaint, Defendants state that the

allegations call for a legal conclusion and, as such, Defendants deny the

allegations.  Defendants further state that, based on the allegations of the

Complaint, Plaintiff purports to pursue the federal and state claims identified, but

Defendants deny that Plaintiff is entitled to any recovery under any such claims

against Defendants, or at all.

3.      In response to Paragraph 3 of the Complaint, Defendants state that the

allegations call for a legal conclusion and, as such, Defendants deny the

allegations.  Defendants are without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations and on that basis deny them.

2

## PARTIES

4.      In response to Paragraph 4 of the Complaint, Defendants state that the allegations call for a legal conclusion and, as such, Defendants deny the allegations.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis deny them.

5.      In response to Paragraph 5 of the Complaint, Encore admits that it is a for-profit corporation organized in Delaware and that its registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.  Encore further states that the remaining allegations call for a legal conclusion and, as such, denies the allegations.

6.      In response to Paragraph 6 of the Complaint, Midland is a for-profit limited liability company organized in Delaware and that its registered agent for service of process is Corporation Service Company, 2711 Centerville Road, Suite 500, Wilmington, DE 19808.  Midland further states that the remaining allegations call for a legal conclusion and, as such, denies the allegations.

7.      In response to Paragraph 7 of the Complaint, MCM admits that it is a for-profit corporation organized in Kansas; that it is a wholly-owned subsidiary of Encore; and that its registered agent for service of process is Corporation Service Company, 200 S.W. 30th Street, Topeka, KS 66611.  MCM further states that the

306138.1

remaining allegations call for a legal conclusion and, as such, denies the allegations.

8.      In response to Paragraph 8 of the Complaint, Defendants admit that Mark Marza is a natural person and employee of MCM.  Midland further states that the remaining allegations call for a legal conclusion and, as such, denies the allegations.

9.      In response to Paragraph 9 of the Complaint, Defendants admit that Hector Torres is a natural person and employee of MCM.  Midland further states that the remaining allegations call for a legal conclusion and, as such, denies the allegations.

10.     In response to Paragraph 10 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

## FACTUAL ALLEGATIONS

11.     In response to Paragraph 11 of the Complaint, Defendants are informed and believe and on that basis admit that Plaintiff owes a valid debt obligation to Defendant Midland, that was originally issued by GE Money Bank. With regard to the remaining allegations contained in paragraph 11, Defendants state that the allegations call for a legal conclusion and, as such, Defendants deny the allegations.

306138.1

12.     In response to Paragraph 12 of the Complaint, Defendants admit the allegations as to Defendant MCM, and deny the allegations contained in Paragraphs 12 of the Complaint as to Defendant Encore and Defendant Midland.

13.     In response to Paragraph 13 of the Complaint, Defendants admit the allegations as to Defendant MCM, and deny the allegations contained in Paragraphs 13 of the Complaint as to Defendant Encore and Defendant Midland.

14.     In response to Paragraph 14 of the Complaint, Defendants admit that, at times, Defendant MCM engages in activities that include the collection of valid debt obligations, but deny the allegations contained in Paragraphs 14 of the Complaint as to Defendant Encore and Defendant Midland.

15.     In response to Paragraph 15 of the Complaint, Defendants admit that Defendant MCM engages in activities that include the collection of valid debt obligations, but deny the allegations contained in Paragraphs 15 of the Complaint as to Defendant Encore and Defendant Midland..  To the extent that Paragraph 15 states a legal conclusion, and as to any other allegations stated or implied in Paragraph 15, Defendants deny the same.

16.     In response to Paragraph 16 of the Complaint, Defendants admit that, at times, the activities of Defendant MCM may subject it to the provisions of the Fair Debt Collection Practices Act ("FDCPA"), but Defendants lack information or belief as to the nature of Plaintiff's debt obligation, and therefore deny the

5

application of the FDCPA to Defendant MCM in this matter. Defendants deny the allegations contained in Paragraphs 16 of the Complaint as to Defendant Encore and Defendant Midland.

## *July 6, 2012 Collection Letter from Defendant MCM*

17.    In response to Paragraph 17 of the Complaint, Defendants lack information and belief as to when or whether Plaintiff received Exhibit One, and therefore deny these allegations.  Defendants further state that Exhibit One speaks for itself and on that further basis deny the allegations.

18.    In response to Paragraph 18 of the Complaint, Defendants state that Exhibit One speaks for itself and on that basis deny the allegations.

19.    In response to Paragraph 19 of the Complaint, Defendants state that Exhibit One speaks for itself and on that basis deny the allegations.

20.    In response to Paragraph 20 of the Complaint, Defendants state that Exhibit One speaks for itself and on that basis deny the allegations.

21.    In response to Paragraph 21 of the Complaint, Defendants state that Exhibit One speaks for itself and on that basis deny the allegations.

22.    In response to Paragraph 22 of the Complaint, Defendants state that Exhibit One speaks for itself and on that basis deny the allegations.

23.    In response to Paragraph 23 of the Complaint, Defendants state that Exhibit One speaks for itself and on that basis deny the allegations.

## *April 19, 2013 Collection Letter from Defendant MCM*

24.    In response to Paragraph 24 of the Complaint, Defendants state that Exhibit Two speaks for itself and on that basis deny the allegations.

25.    In response to Paragraph 25 of the Complaint, Defendants state that Exhibit Two speaks for itself and on that basis deny the allegations.

26.    In response to Paragraph 26 of the Complaint, Defendants state that Exhibit Two speaks for itself and on that basis deny the allegations.

27.    In response to Paragraph 27 of the Complaint, Defendants state that Exhibit Two speaks for itself and on that basis deny the allegations.

28.    In response to Paragraph 28 of the Complaint, Defendants state that Exhibit Two speaks for itself and on that basis deny the allegations.

## *July 14, 2013 Collection Letter from Defendant MCM*

29.    In response to Paragraph 29 of the Complaint, Defendants state that Exhibit Three speaks for itself and on that basis deny the allegations.

30.    In response to Paragraph 30 of the Complaint, Defendants state that Exhibit Three speaks for itself and on that basis deny the allegations.

31.    In response to Paragraph 31 of the Complaint, Defendants state that Exhibit Three speaks for itself and on that basis deny the allegations.

32.    In response to Paragraph 32 of the Complaint, Defendants state that Exhibit Three speaks for itself and on that basis deny the allegations.

306138.1

33.     In response to Paragraph 33 of the Complaint, Defendants state that Exhibit Three speaks for itself and on that basis deny the allegations.

34.     In response to Paragraph 34 of the Complaint, Defendants state that Exhibit Three speaks for itself and on that basis deny the allegations.

35.     In response to Paragraph 35 of the Complaint, Defendants state that Exhibit Three speaks for itself and on that basis deny the allegations.

36.     In response to Paragraph 36 of the Complaint, Defendants state that Exhibit Three speaks for itself and on that basis deny the allegations.

37.     In response to Paragraph 37 of the Complaint, Defendants state that Exhibit Three speaks for itself and on that basis deny the allegations.

### *October 31, 2013 Collection Letter from Defendant MCM*

38.     In response to Paragraph 38 of the Complaint, Defendants state that Exhibit Four speaks for itself and on that basis deny the allegations.

39.     In response to Paragraph 39 of the Complaint, Defendants state that Exhibit Four speaks for itself and on that basis deny the allegations.

40.     In response to Paragraph 40 of the Complaint, Defendants state that Exhibit Four speaks for itself and on that basis deny the allegations.

41.     In response to Paragraph 41 of the Complaint, Defendants state that Exhibit Four speaks for itself and on that basis deny the allegations.

42.     In response to Paragraph 42 of the Complaint, Defendants state that Exhibit Four speaks for itself and on that basis deny the allegations.

43.     In response to Paragraph 43 of the Complaint, Defendants state that Exhibit Four speaks for itself and on that basis deny the allegations.

44.     In response to Paragraph 44 of the Complaint, Defendants state that Exhibit Four speaks for itself and on that basis deny the allegations.

45.     In response to Paragraph 45 of the Complaint, Defendants state that Exhibit Four speaks for itself and on that basis deny the allegations.

### *December 12, 2013 Collection Letter from Defendant MCM*

46.     In response to Paragraph 46 of the Complaint, Defendants state that Exhibit Five speaks for itself and on that basis deny the allegations.

47.     In response to Paragraph 47 of the Complaint, Defendants state that Exhibit Five speaks for itself and on that basis deny the allegations.

48.     In response to Paragraph 48 of the Complaint, Defendants state that Exhibit Five speaks for itself and on that basis deny the allegations.

49.     In response to Paragraph 49 of the Complaint, Defendants state that Exhibit Five speaks for itself and on that basis deny the allegations.

50.     In response to Paragraph 50 of the Complaint, Defendants state that Exhibit Five speaks for itself and on that basis deny the allegations.

51.     In response to Paragraph 51 of the Complaint, Defendants state that Exhibit Five speaks for itself and on that basis deny the allegations.

52.     In response to Paragraph 52 of the Complaint, Defendants state that Exhibit Five speaks for itself and on that basis deny the allegations.

53.     In response to Paragraph 53 of the Complaint, Defendants state that Exhibit Five speaks for itself and on that basis deny the allegations.

54.     In response to Paragraph 54 of the Complaint, Defendants state that Exhibit Five speaks for itself and on that basis deny the allegations.

### *January 23, 2014 Collection Letter from Defendant MCM*

55.     In response to Paragraph 55 of the Complaint, Defendants state that Exhibit Six speaks for itself and on that basis deny the allegations.

56.     In response to Paragraph 56 of the Complaint, Defendants state that Exhibit Six speaks for itself and on that basis deny the allegations.

57.     In response to Paragraph 57 of the Complaint, Defendants state that Exhibit Six speaks for itself and on that basis deny the allegations.

58.     In response to Paragraph 58 of the Complaint, Defendants state that Exhibit Six speaks for itself and on that basis deny the allegations.

59.     In response to Paragraph 59 of the Complaint, Defendants state that Exhibit Six speaks for itself and on that basis deny the allegations.

306138.1

60.     In response to Paragraph 60 of the Complaint, Defendants state that Exhibit Six speaks for itself and on that basis deny the allegations.

61.     In response to Paragraph 61 of the Complaint, Defendants state that Exhibit Six speaks for itself and on that basis deny the allegations.

62.     In response to Paragraph 62 of the Complaint, Defendants state that Exhibit Six speaks for itself and on that basis deny the allegations.

63.     In response to Paragraph 63 of the Complaint, Defendants state that Exhibit Six speaks for itself and on that basis deny the allegations.

## CAUSES OF ACTION

### *COUNT ONE:*
### *VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT*

### FIRST VIOLATION OF
### THE FAIR DEBT COLLECTION PRACTICES ACT:
### FALSE OR MISLEADING REPRESENTATIONS

64.     In response to Paragraph 64 of the Complaint, Defendants state that the allegations call for a legal conclusion and, as such, Defendants deny the allegations.

65.     In response to Paragraph 65 of the Complaint, Defendants state that Exhibits One, Two, Three, Four, Five, and Six speak for themselves and on that basis deny the allegations.

306138.1

66.     In response to Paragraph 66 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

67.     In response to Paragraph 67 of the Complaint, Defendants deny the allegations contained therein.

68.     In response to Paragraph 68 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

69.     In response to Paragraph 69 of the Complaint, Defendants deny the allegations contained therein.

70.     In response to Paragraph 70 of the Complaint, Defendants deny the allegations contained therein.

71.     In response to Paragraph 71 of the Complaint, Defendants deny the allegations contained therein.

72.     In response to Paragraph 72 of the Complaint, Defendants state that Exhibits Four, Five, and Six speak for themselves and on that basis deny the allegations.

73.     In response to Paragraph 73 of the Complaint, Defendants deny the allegations contained therein.

306138.1

74.     In response to Paragraph 74 of the Complaint, Defendants state that Exhibits One, Two, Three, Four, Five, and Six speak for themselves and on that basis deny the allegations.

75.     In response to Paragraph 75 of the Complaint, Defendants state that Exhibits One, Two, Three, Four, Five, and Six speak for themselves and on that basis deny the allegations.

76.     In response to Paragraph 76 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

77.     In response to Paragraph 77 of the Complaint, Defendants deny the allegations contained therein.

78.     In response to Paragraph 78 of the Complaint, Defendants deny the allegations contained therein.

79.     In response to Paragraph 79 of the Complaint, Defendants deny the allegations contained therein.

80.     In response to Paragraph 80 of the Complaint, Defendants deny the allegations contained therein.

81.     In response to Paragraph 81 of the Complaint, Defendants state that Exhibits One, Two, Three, Four, Five, and Six speak for themselves and on that basis deny the allegations.

306138.1

82.     In response to Paragraph 82 of the Complaint, Defendants deny the allegations contained therein.

## SECOND VIOLATION OF THE
## FAIR DEBT COLLECTION PRACTICES ACT:
## <u>FALSE OR MISLEADING REPRESENTATIONS</u>

83.     In response to Paragraph 83 of the Complaint, Defendants state that the allegations call for a legal conclusion and, as such, Defendants deny the allegations.

84.     In response to Paragraph 84 of the Complaint, Defendants state that the Complaint and Exhibits One, Two, Three, Four, Five, and Six speak for themselves and on that basis deny the allegations.

85.     In response to Paragraph 85 of the Complaint, Defendants deny the allegations contained therein.

86.     In response to Paragraph 86 of the Complaint, Defendants deny the allegations contained therein.

87.     In response to Paragraph 87 of the Complaint, Defendants deny the allegations contained therein.

88.     In response to Paragraph 88 of the Complaint, Defendants deny the allegations contained therein.

306138.1

## THIRD VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: FALSE OR MISLEADING REPRESENTATIONS

89.     In response to Paragraph 89 of the Complaint, Defendants state that the allegations call for a legal conclusion and, as such, Defendants deny the allegations.

90.     In response to Paragraph 90 of the Complaint, Defendants state that the allegations call for a legal conclusion and, as such, Defendants deny the allegations.

91.     In response to Paragraph 91 of the Complaint, Defendants state that Exhibits One, Two, Three, Four, Five, and Six speak for themselves and on that basis deny the allegations.

92.     In response to Paragraph 92 of the Complaint, Defendants deny the allegations contained therein.

93.     In response to Paragraph 93 of the Complaint, Defendants deny the allegations contained therein.

94.     In response to Paragraph 94 of the Complaint, Defendants deny the allegations contained therein.

95.     In response to Paragraph 95 of the Complaint, Defendants deny the allegations contained therein.

96.     In response to Paragraph 96 of the Complaint, Defendants deny the allegations contained therein.

306138.1

97.     In response to Paragraph 97 of the Complaint, Defendants deny the allegations contained therein.

98.     In response to Paragraph 98 of the Complaint, Defendants state that Exhibits Four, Five, and Six speak for themselves and on that basis deny the allegations.

99.     In response to Paragraph 99 of the Complaint, Defendants state that the underlying contract speaks for itself and on that basis deny the allegations.

100.    In response to Paragraph 100 of the Complaint, Defendants state that Exhibit Two speaks for itself and on that basis deny the allegations.

101.    In response to Paragraph 101 of the Complaint, Defendants state that Exhibit Three speaks for itself and on that basis deny the allegations.

102.    In response to Paragraph 102 of the Complaint, Defendants state that the underlying contract speaks for itself and on that basis deny the allegations.

103.    In response to Paragraph 103 of the Complaint, Defendants deny the allegations contained therein.

## COUNT TWO:
## VIOLATIONS OF THE HAWAI'I REVISED STATUTES

## FIRST VIOLATION OF THE HAWAI'I REVISED STATUTES:
## FALSE OR MISLEADING REPRESENTATIONS

104.   In response to Paragraph 104 of the Complaint, Defendants state that the allegations call for a legal conclusion and, as such, Defendants deny the allegations.

105.   In response to Paragraph 105 of the Complaint, Defendants state that the allegations call for a legal conclusion and, as such, Defendants deny the allegations.

106.   In response to Paragraph 106 of the Complaint, Defendants deny the allegations contained therein.

107.   In response to Paragraph 107 of the Complaint, Defendants state that Exhibits One, Two, Three, Four, Five, and Six speak for themselves and on that basis deny the allegations.

108.   In response to Paragraph 108 of the Complaint, Defendants deny the allegations contained therein.

109.   In response to Paragraph 109 of the Complaint, Defendants state that the underlying contract and Exhibits One, Two, Three, Four, Five, and Six speak for themselves and on that basis deny the allegations.

306138.1

110.   In response to Paragraph 110 of the Complaint, Defendants deny the allegations contained therein.

111.   In response to Paragraph 111 of the Complaint, Defendants deny the allegations contained therein.

112.   In response to Paragraph 112 of the Complaint, Defendants state that the underlying contract speaks for itself and on that basis deny the allegations.

113.   In response to Paragraph 113 of the Complaint, Defendants deny the allegations contained therein.

114.   In response to Paragraph 114 of the Complaint, Defendants state that Exhibits One, Four, Five, and Six speak for themselves and on that basis deny the allegations.

115.   In response to Paragraph 115 of the Complaint, Defendants state that Exhibit Three speaks for itself and on that basis deny the allegations.

116.   In response to Paragraph 116 of the Complaint, Defendants state that Exhibits One, Two, Three, Four, Five, and Six speak for themselves and on that basis deny the allegations.

117.   In response to Paragraph 117 of the Complaint, Defendants deny the allegations contained therein.

118.   In response to Paragraph 118 of the Complaint, Defendants deny the allegations contained therein.

## SECOND VIOLATION OF THE HAWAI'I REVISED STATUTES:
## FALSE OR MISLEADING REPRESENTATIONS

119.    In response to Paragraph 119 of the Complaint, Defendants state that the allegations call for a legal conclusion and, as such, Defendants deny the allegations.

120.    In response to Paragraph 120 of the Complaint, Defendants state that the allegations call for a legal conclusion and, as such, Defendants deny the allegations.

121.    In response to Paragraph 121 of the Complaint, Defendants state that the allegations call for a legal conclusion and, as such, Defendants deny the allegations.

122.    In response to Paragraph 122 of the Complaint, Defendants deny the allegations contained therein.

## THIRD VIOLATION FO THE HAWAI'I REVISED STATUTES:
## THE USE OF UNFAIR PRACTICES
## IN ATTEMPT TO COLLECT A DEBT

123.    In response to Paragraph 123 of the Complaint, Defendants state that the allegations call for a legal conclusion and, as such, Defendants deny the allegations.

124.    In response to Paragraph 124 of the Complaint, Defendants deny the allegations contained therein.

306138.1

125.   In response to Paragraph 125 of the Complaint, Defendants deny the allegations contained therein.

126.   In response to Paragraph 126 of the Complaint, Defendants deny the allegations contained therein.

127.   In response to Paragraph 127 of the Complaint, Defendants deny the allegations contained therein.

128.   In response to Paragraph 128 of the Complaint, Defendants state that the underlying contract speaks for itself and on that basis deny the allegations.

129.   In response to Paragraph 129 of the Complaint, Defendants state that the allegations call for a legal conclusion and, as such, Defendants deny the allegations.

130.   In response to Paragraph 130 of the Complaint, Defendants state that Exhibits One, Four, Five, and Six speak for themselves and on that basis deny the allegations.

131.   In response to Paragraph 131 of the Complaint, Defendants state that Exhibit Three speaks for itself and on that basis deny the allegations.

132.   In response to Paragraph 132 of the Complaint, Defendants state that the underlying contract speaks for itself and on that basis deny the allegations.

306138.1

133.   In response to Paragraph 133 of the Complaint, Defendants state that Exhibits One, Two, Three, Four, Five, and Six speak for themselves and on that basis deny the allegations.

## FOURTH VIOLATION OF THE HAWAI'I REVISED STATUTES:
## THE USE OF UNFAIR PRACTICES
## IN ATTEMPT TO COLLECT A DEBT

134.   In response to Paragraph 134 of the Complaint, Defendants state that the allegations call for a legal conclusion and, as such, Defendants deny the allegations.

135.   In response to Paragraph 135 of the Complaint, Defendants deny the allegations contained therein.

136.   In response to Paragraph 136 of the Complaint, Defendants state that the allegations call for a legal conclusion and, as such, Defendants deny the allegations.

## FIFTH VIOLATION OF THE HAWAI'I REVISED STATUTES:
## THE USE OF UNFAIR PRACTICES
## IN ATTEMPT TO COLLECT A DEBT

137.   In response to Paragraph 137 of the Complaint, Defendants state that the allegations call for a legal conclusion and, as such, Defendants deny the allegations.

138.   In response to Paragraph 138 of the Complaint, Defendants state that Exhibits One, Two, Three, Four, Five, and Six speak for themselves and on that basis deny the allegations.

139.   In response to Paragraph 139 of the Complaint, Defendants state that the underlying contract and Exhibits One, Two, Three, Four, Five, and Six speak for themselves and on that basis deny the allegations.

140.   In response to Paragraph 140 of the Complaint, Defendants state that the underlying contract and Exhibits One, Two, Three, Four, Five, and Six speak for themselves and on that basis deny the allegations.

## SIXTH VIOLATION OF THE HAWAI'I REVISED STATUTES: FALSE REPRESENTATIONS AND THE USE OF UNFAIR PRACTICES IN ATTEMPT TO COLLECT A DEBT

141.   In response to Paragraph 141 of the Complaint, Defendants state that Hawaii Revised Statutes § 443B-18 speaks for itself.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis deny them.

142.   In response to Paragraph 142 of the Complaint, Defendants deny the allegations contained therein.

143.   In response to Paragraph 143 of the Complaint, Defendants deny the allegations contained therein.

144.   In response to Paragraph 144 of the Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

145.   In response to Paragraph 145 of the Amended Complaint, Defendants deny the allegations contained therein.

### *Summary*

146.   In response to Paragraph 146 of the Complaint, Defendants deny the allegations contained therein.

### *Respondeat Superior Liability*

147.   In response to Paragraph 147 of the Complaint, Defendants state that the allegations call for a legal conclusion and, as such, Defendants deny the allegations.

148.   In response to Paragraph 148 of the Complaint, Defendants state that the allegations call for a legal conclusion and, as such, Defendants deny the allegations.

149.   In response to Paragraph 149 of the Complaint, Defendants state that the allegations call for a legal conclusion and, as such, Defendants deny the allegations.

150.   In response to Paragraph 150 of the Complaint, Defendants deny the allegations contained therein.

306138.1

## TRIAL BY JURY

151.   In response to Paragraph 151 of the Complaint, Defendants state that no response is required.

## PRAYER FOR RELIEF

152.   Defendants deny the allegations contained in the "WHEREFORE" clause following Paragraph 151 of the Complaint.  Further answering, Defendants deny that Plaintiff is entitled to any relief sought.

153.   All allegations, statements, or comments, as set forth in headings or any unnumbered paragraphs of the Complaint, are denied.

154.   Each and every other allegation not heretofore specifically answered is denied.

## AFFIRMATIVE DEFENSES

1.      The Complaint, and each purported claim alleged therein, fails to state a claim against Defendants upon which relief can be granted.

2.      Plaintiff's Complaint fails for failure to join a necessary or indispensable party.

3.      Plaintiff's state law claims are barred by the doctrine of federal preemption.

4.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

24

5.     Plaintiff's claims are barred, in whole or in part, by the equitable theories of estoppel, waiver, and laches.

6.     Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

7.     Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

8.     Plaintiff's damages are the result of acts or commissions committed by non-parties to this action over whom Defendants have no responsibility or control.

9.     Plaintiff's damages are too speculative to permit recovery.

10.     Defendants allege that they have appropriately, completely, and fully performed and discharged any and all obligations and legal duties, if any, arising out of the matters alleged in the Complaint.

11.     In the event Defendants are found to have committed a violation, Defendants are not liable because such violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

12.     Plaintiff's claims are barred by or subject to reduction under the doctrines of set off and recoupment.

306138.1

13.     Defendants reserve the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendants pray for relief as follows:

1.     That Plaintiff take nothing by this action;

2.     That judgment be entered against Plaintiff and in favor of Defendants;

3.     That Defendants be awarded its costs incurred in this action, including, where applicable under the law, reasonable attorneys' fees; and

4.     That this Court grant such other relief as the Court deems just and proper.

DATED:  Honolulu, Hawai‘i, May 19, 2014.


/s/ David J. Minkin
DAVID J. MINKIN
TROY J. H. ANDRADE

Attorneys for Defendants
ENCORE CAPITAL GROUP, INC.,
MIDLAND FUNDING, LLC,
MIDLAND CREDIT MANAGEMENT,
INC. and HECTOR TORRES

306138.1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| HAROLD SHARRER, | ) | CIVIL NO.  14-00178 LEK RLP |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| ENCORE CAPITAL GROUP, INC., | ) | |
| MIDLAND FUNDING, LLC, MIDLAND | ) | |
| CREDIT MANAGEMENT, INC., MARK | ) | |
| MARZA and HECTOR TORRES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date a copy of the foregoing document was duly served upon the following persons either by electronic court filing (ECF), hand delivery (HD) or by mailing said copy, postage prepaid, first class, in a United States post office at Honolulu, Hawaii (M), in the manner indicated, addressed as set forth below:

306138.1

RICHARD HOLCOMB, ESQ.          (ECF)
rholcomblaw@live.com
JUSTIN A. BRACKETT, ESQ.
justinbrackettlaw@gmail.com

Attorneys for Plaintiff

DATED:  Honolulu, Hawaiʻi, May 19, 2014.


/s/ David J. Minkin
DAVID J. MINKIN
TROY J. H. ANDRADE

Attorneys for Defendants
ENCORE CAPITAL GROUP, INC.,
MIDLAND FUNDING, LLC,
MIDLAND CREDIT MANAGEMENT,
INC. and HECTOR TORRES

2